IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DELGADO,

      Plaintiff,               No. 2:10-cv-2379 KJN P

      vs.

CDCR MEDICAL HEALTH CARE DEPARTMENT, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

IN FORMA PAUPERIS APPLICATION

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1] Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

---

[1] Although plaintiff has submitted an application that it is not generally used by this district, it contains all necessary information and attached thereto is a certified copy of plaintiff's prison trust account statement.

1

28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

SCREENING OF COMPLAINT

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The complaint alleges that plaintiff has failed to receive constitutionally adequate medical care at California State Prison-Sacramento ("CSP-SAC") for his chronic back pain, digestive problems and knee pain. A prisoner's claim of inadequate medical care may constitute cruel or unusual punishment in violation of the Eighth Amendment if plaintiff can demonstrate that defendant was deliberately indifferent to plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff alleges that he suffered gunshot injuries in 2002 and 2007, which resulted in chronic injuries to his lower back (L4 and L5 and associated nerves) and colon, and that since his transfer to CSP-SAC from CSP-Folsom he has been denied previously prescribed pain medications (resulting in "constant cronic (sic) agonizing pain" and "excrusiating (sic) lower back pain and intense discomfort." (Complaint ("Cmplt.") at 4, 11.) Plaintiff also alleges that his chronic back pain caused his knee to "go out," and that he has been denied his specially prescribed diet, resulting in stomach problems.

While plaintiff names several defendants on the cover sheet of his complaint, the body of the complaint appears to state a potentially cognizable claim against only one defendant, Dr. J. Wedell. For the limited purposes of § 1915A screening, the court finds that the complaint may state a cognizable Eighth Amendment claim against Wedell for deliberate indifference to plaintiff's serious medical needs. See 28 U.S.C. § 1915A. The other allegations of the

complaint are repetitive and vague, and fail to state cognizable claims against the additional named defendants, viz., the entire Medical Health Care Department of the California Department of Corrections and Rehabilitation ("CDCR"), and individually named defendants K. Daly, Verga, Val, Duk, Liamcar, D. Russell, J. Ball, Sahuto, and Cardeno.[2]  The claims against these defendants will therefore be dismissed with leave to amend.

        As a result, plaintiff may proceed forthwith to serve defendant Wedell and pursue his claims against only Wedell, or plaintiff may delay serving Wedell and attempt to state a cognizable claim against both Wedell and the other named defendants in an amended complaint.

        Plaintiff is not obligated to amend his complaint.  If plaintiff elects to proceed forthwith against defendant Wedell, then within thirty days plaintiff must return the enclosed materials for service of process.  In this event the court will construe plaintiff's election as consent to dismissal without prejudice of all claims against all other named defendants.  However, if plaintiff elects to amend his complaint in an attempt to state cognizable claims against additional named defendants, he has thirty days in which to file such an amended complaint.

        Any amended complaint must show the federal court has jurisdiction, the action is brought in the right venue, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as defendants only persons who personally participated in a substantial way in allegedly depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

---

[2] The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.

4

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and the defendants) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil Procedure 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff files an amended complaint, the original pleading will be superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Finally, a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the

problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

The procedures by which plaintiff may proceed pursuant to the instant complaint or by filing an amended complaint are set forth at the conclusion of this order.

MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has requested the appointment of counsel, stating that he has unsuccessfully sought outside legal assistance and requires counsel because he doesn't "know all the law properly," gets access to the law library only once a month, and his case is against members of the medical department which "think they cannot be wrong." (Dkt. No. 3, at p. 2.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The court does not, at this time, find the required exceptional circumstances in the present case.  Accordingly, plaintiff's motion for appointment of counsel will be denied without prejudice.

DISCOVERY MOTION

Plaintiff has filed a document entitled "Request for Production of Documents," which appears to be a list of documents plaintiff seeks from defendant(s). (Dkt. No. 4.)  Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed unless a

1 party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal
2 Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with the court
3 unless, and until, they are at issue.  Moreover, in the present case, no defendant has yet been
4 served.
5        Plaintiff's discovery motion will therefore be denied.  Plaintiff is cautioned that
6 further filing of discovery requests or responses, except as required by rule of court, may result in
7 an order of sanctions, including, but not limited to, a recommendation that this action be
8 dismissed.
9 CONCLUSION
10        In accordance with the above, IT IS HEREBY ORDERED that:
11        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
12        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
13 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
14 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
15 Director of the California Department of Corrections and Rehabilitation filed concurrently
16 herewith.
17        3.  Claims against defendants CDCR Medical Health Care Department and
18 individually named defendants K. Daly, Verga, Val, Duk, Liamcar, D. Russell, J. Ball, Sahuto,
19 and Cardeno, are dismissed with leave to amend.  Within thirty days of service of this order,
20 plaintiff may amend his complaint to attempt to state cognizable claims against these defendants
21 or, as set forth in the next paragraph, proceed on his original complaint against defendant Wedell.
22        4.  The allegations in the pleading are sufficient to state a potentially cognizable
23 claim against defendant Dr. J. Wedell.  See 28 U.S.C. § 1915A.  With this order the Clerk of the
24 Court shall provide to plaintiff a blank summons, a copy of the pleading filed September 3, 2010
25 (Dkt. No. 1), one USM-285 form, and instructions for service of process.  Within thirty days of
26 service of this order plaintiff may return the attached Notice of Submission of Documents with

the completed summons, the completed USM-285 form, and two copies of the endorsed September 3, 2010 complaint. The court will transmit those documents to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Wedell will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing, without prejudice, his defective claims against defendants CDCR Medical Health Care Department and individually named defendants K. Daly, Verga, Val, Duk, Liamcar, D. Russell, J. Ball, Sahuto, or Cardeno.

     5. Failure to timely comply with this order may result in a recommendation that this action be dismissed.

     6. Plaintiff's motion for appointment of counsel (Dkt. No. 3) is denied without prejudice.

     7. Plaintiff's motion for production of documents (Dkt. No. 4) is denied.

SO ORDERED.

DATED: September 13, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

delg2379.14.optn.cnsl,disc

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DELGADO,

      Plaintiff,                  No. 2:10-cv-2379 KJN P

     vs.

CDCR MEDICAL HEALTH CARE
DEPARTMENT, et al.,

      Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS
_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

          1         completed summons form
          1         completed form USM-285
          2         copies of the September 3, 2010 Complaint

Plaintiff consents to the dismissal, without prejudice, of defendants CDCR Medical Health Care Department, K. Daly, Verga, Val, Duk, Liamcar, D. Russell, J. Ball, Sahuto, and Cardeno.

     OR

     _____ Plaintiff opts to file an amended complaint and delay service of process.

Dated:

                                                      _____
                                                      Plaintiff